**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL21247

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK
## BROOKLYN DIVISION

| | |
|---|---|
| Tyrone Nicholls, | Case No: |
| Plaintiff, | **COMPLAINT** |
| v. | |
| The Levinbook Law Firm, P.C., | JURY TRIAL DEMANDED |
| Defendant. | |

Plaintiff Tyrone Nicholls, by and through the undersigned counsel, complains, states, and alleges against defendant The Levinbook Law Firm, P.C. as follows:

### INTRODUCTION

1.      This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

### JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d).   The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

3.      This court has jurisdiction over defendant The Levinbook Law Firm, P.C. because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

4.      Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

5.      Plaintiff Tyrone Nicholls ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Queens County, New York.

6.      Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

7.      Defendant The Levinbook Law Firm, P.C. ("Defendant") is a company existing under the laws of the State of New York, with its principal place of business in Hauppauge, New York.

8.      Defendant has transacted business within this state as is more fully set forth hereinafter in this Complaint.

9.      Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11.     The principal purpose of Defendant's business is the collection of such debts.

12.     Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

13.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.     The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendant or its owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

15.     On or about October 25, 2019, Plaintiff received medical services from Zwanger-Pesiri Radiology.

16.     The services were for treatment of injuries sustained by Plaintiff in a work-related incident.

17.     The services were covered by New York's Workers Compensation Insurance system.

18.     At the time the services were provided, Zwanger-Pesiri Radiology was advised that Plaintiff was covered by Workers Compensation insurance.

19.     Defendant alleges there is an unpaid balance of $966.54 ("the alleged Debt").

20.     New York Workers Compensation Law § 13-F prohibits any billing to the employee in case of work-related incidents.

21.     The alleged Debt represents such unlawful billing.

22.     Despite this, at an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

23.     In its efforts to collect the alleged Debt, Defendant decided to contact Plaintiff by written correspondence.

24.     That correspondence, dated June 2, 2021, was received and read by Plaintiff.  (A true and accurate copy of that correspondence (the "Letter") is annexed hereto as "**Exhibit 1.**")

25.     The Letter, which conveyed information about the alleged Debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

26.     The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

3

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692g**

27.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

28.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

29.     As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide a statement of the amount of the debt.

30.     To comply with 15 U.S.C. § 1692g(a)(1), the statement of the amount of the debt must accurately set forth the actual amount of the debt.

31.     A statement of the amount of the debt, when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

32.     As set forth in paragraphs 15 through 21 of this Complaint, Plaintiff did not owe the alleged Debt.

33.     As such, Defendant did not accurately set forth the actual amount of the alleged debt as required by 15 U.S.C. § 1692g(a)(1).

34.     In sum, Defendant's statement of the amount of the alleged debt, when Plaintiff did not owe that amount, violates 15 U.S.C. § 1692g(a)(1).

35.     For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g and 1692g(a)(1) and is liable to Plaintiff therefor.

**SECOND COUNT**
**Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)**

36.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

37.     15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

38.     15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

39.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

40.     An allegation by a debt collector that a consumer owes a certain amount of money when the consumer does not that amount is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

41.     As set forth in paragraphs 15 through 21 of this Complaint, Plaintiff did not owe the alleged Debt.

42.     As such, Defendant's allegation that Plaintiff owed the alleged Debt is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged debt in violation of 15 U.S.C. § 1692e.

43.     Defendant's allegation that Plaintiff owed the alleged Debt is a false representation of the character, amount, and/or legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2)(A).

44.     Defendant's allegation that Plaintiff owed the alleged Debt is a false representation made in an attempt to collect the alleged debt in violation of 15 U.S.C. § 1692e(10).

45.     For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

**JURY DEMAND**

46.     Plaintiff hereby demands a trial of this action by jury.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

    a.   Finding Defendant's actions violate the FDCPA; and

    b.   Awarding damages to Plaintiff pursuant to 15 U.S.C. § 1692k; and

    c.   Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

    d.   Awarding the costs of this action to Plaintiff; and

    e.   Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

    f.   Such other and further relief that the Court determines is just and proper.

DATED: June 21, 2021

**BARSHAY, RIZZO & LOPEZ, PLLC**

By:  <u>s/ *David M. Barshay*</u>
David M. Barshay, Esquire
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.: BRL21247
*Attorneys for Plaintiff*